# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | |
|---|---|
| DAIQUAN MCFERSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CAUSE NO.: 2:16-CV-186-JVB-PRC |
| | ) |
| P.O. BRIAN GILDEN, individually, | ) |
| and the CITY OF GARY, | ) |
| | ) |
| Defendants. | ) |

## OPINION AND ORDER

This matter is before the Court on a Motion to Strike Affirmative Defenses [DE 15], filed by Plaintiff Daiquan McFerson on July 28, 2016. Defendants filed a response on August 14, 2016 and Plaintiff filed a reply on August 22, 2016.

Under Federal Rule of Civil Procedure 12(f), the Court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f); *see also Delta Consulting Grp., Inc. v. R. Randle Constr., Inc.,* 554 F.3d 1133, 1141 (7th Cir. 2009) (citing Rule 12(f) and affirming the striking of portions of a counterclaim). The Seventh Circuit Court of Appeals has held that motions to strike are generally disfavored; however, a motion to strike may "serve to expedite, not delay," when it seeks to strike portions of a pleading to "remove unnecessary clutter from the case." *Heller Fin., Inc. v. Midwhey Powder Co., Inc.*, 883 F.2d 1286, 1294 (7th Cir. 1989). Affirmative defenses are stricken "only when they are insufficient on the face of the pleadings." *Williams v. Jader Fuel Co., Inc.*, 944 F.2d 1388, 1400 (7th Cir. 1991) (citing *Heller*, 883 F.2d at 1294 ("Ordinarily, defenses will not be struck if they are sufficient as a matter of law or if they present questions of law or fact.")).

"Affirmative defenses are pleadings and, therefore, are subject to all pleading requirements of the Federal Rules of Civil Procedure" and "must set forth a 'short and plain statement' of the defense." *Heller*, 883 F.2d at 1294 (quoting Fed. R. Civ. P. 8(a)).[1] In *Heller*, the court found several defenses meritless because they were "nothing but bare bones conclusory allegations," noting that the defendant "omitted any short and plain statement of facts and failed totally to allege the necessary elements of the alleged claims." *Id.* at 1295.

The Seventh Circuit Court of Appeals has not yet decided whether the pleading standard for a complaint set forth in *Bell Atlantic v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), applies to all Rule 8 pleadings, including affirmative defenses. This Court agrees with those cases declining to apply the "plausibility" standard of *Iqbal* and *Twombly* to affirmative defenses. *See Cottle v. Falcon Holdings Mgmt., LLC*, No. 2:11-CV-95, 2012 WL 266968 (N.D. Ind. Jan. 30, 2012) (providing extensive discussion of the issue and citing supporting cases); *see also Bielfeldt v. Bouraazak*, No. 1:15-CV-01419, 2016 WL 1383464, at *2 (C.D. Ill. Apr. 7, 2016).

In the instant motion, Plaintiff asks the Court to strike the affirmative defenses provided in paragraphs 1, 2, 6, 8, 9, 13-15, 18, 20, 21, and 25 of Defendants' Answer.[2] The Court will consider each of the challenged affirmative defenses in turn.

**Affirmative Defense No. 1**

> Affirmative Defense No. 1: Plaintiff has failed to state a claim upon which relief can be granted.

---

[1] Notably, the Court in Heller does not include the requirement in Rule 8(a)(2) of "showing that the pleader is entitled to relief." *Heller*, 883 F.2d at 1294; *see* Fed. R. Civ. P. 8(a)(2).

[2] Though Affirmative Defense No. 1 was not listed in the request in Plaintiff's motion to strike particular affirmative defenses, its omission appears to be a scrivener's error. Both Plaintiff and Defendants address Affirmative Defense No. 1 in their briefs.

Additionally, though Affirmative Defense No. 5 is listed in the request, Plaintiff has presented no argument that this defense should be stricken. Instead, Plaintiff argues that other defenses are duplicative of this defense and that the duplicative defenses should be stricken.

Plaintiff argues that failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) is not a valid affirmative defense. In their response, Defendants argue that the affirmative defense of "failure to state a claim" should not be interpreted as "lacking specificity and conclusory" and, therefore, is a valid affirmative defense and should not be stricken.

The defense of failure to state a claim is not an affirmative defense. *See Mandel Metals, Inc. v. Walker Group Holdings*, No. 14 CV 8493, 2015 WL 3962005, at *10 (N.D. Ill. June 26, 2015) (citing *Illinois Wholesale Cash Register, Inc. v. PCG Trading, LLC*, No. 08 C 363, 2009 WL 1515290, at *2 (N.D. Ill. May 27, 2009); *Cottle*, 2012 WL 266968, at *3. Failure to state a claim, although a defense, is not an "affirmative defense" because it does not assume that the allegations of the Complaint are true and then provide a separate reason why the defendant is not liable. *Cottle*, 2012 WL 266968, at *3. Accordingly, the Court strikes Affirmative Defense No. 1 from Defendants' Answer because it is not a valid affirmative defense.

**Affirmative Defense No. 2**

> Affirmative Defense No. 2: To the extent that Plaintiff failed to comply with any applicable statute of limitations, the claims are time barred.

Plaintiff argues that, as written, Affirmative Defense No. 2 does not meet the "fair notice" pleading standard provided in *Heller*. In their response, Defendants argue that the statute of limitations defense is valid because it is supported by factual and legal issues of whether Plaintiff has properly named Defendant Officer Gilden (Defendants represent that his actual surname is "Gildon") and served him with notice under the Indiana Tort Claims Act, Ind. Code. 34-13-3-8.

Raising an affirmative defense for failure to comply with the statute of limitations without including the relevant statutory period is a "bare bones assertion" that does not meet the pleading standard required by Rule 8 of the Federal Rules of Civil Procedure. *Puryear v. Indiana Pallet Co.*, 2:11-CV-12, 2011 WL 5553697, at *2 (N.D. Ind. 2011) (citing *Nat'l Council on Comp. Ins.,*

3

*Inc. v. Am. Int'l Group, Inc.*, No. 07 C 2898, 2009 WL 466802, at *7 (N.D. Ill. Feb. 23, 2009).

Accordingly, Defendants' Affirmative Defense No. 2 is stricken from Defendants' Answer.

**Affirmative Defenses Nos. 5, 14, and 15**

> <u>Affirmative Defense No. 5</u>: Plaintiff is the cause of part or all of his injuries.
>
> <u>Affirmative Defense No. 14</u>: No act or omission of the Defendant's proximately caused Plaintiff any injury or damage.
>
> <u>Affirmative Defense No. 15</u>: Plaintiff cannot satisfy the "proximate causation" requirements of 42 U.S.C. §1983.

Plaintiff argues that Affirmative Defenses 5, 14, and 15 are redundant and duplicative under Rule 12(f) of the Federal Rules of Civil Procedure and that, therefore, these affirmative defenses should be stricken from Defendants' Answer. In their Response Brief, Defendants argue that Plaintiff must show how he is prejudiced if these affirmative defenses remain in Defendants' Answer for the motion to be granted.

Although Defendants argue that Plaintiff must show he is prejudiced by the use of proximate cause as an affirmative defense, this is not a requirement to support a motion to strike. *Lincoln Nat'l Corp. v. Steadfast Ins. Co.*, 2006 WL 1660591, at *2 (citing *Indiana Gas Co., Inc. v. Aetna Cas. & Sur. Co.*, No. 1:95-CV-101, 1995 WL 866417 at *3 (N.D. Ind. July 13, 1995)).

Affirmative Defense No. 5 is a defense premised on the theory of contributory negligence. Affirmative Defenses Nos. 14 and 15 discuss proximate cause, which is a separate theory from contributory negligence and is not redundant with Affirmative Defense No. 5. Plaintiff's argument that Affirmative Defenses Nos. 14 and 15 should be stricken because they are redundant with Affirmative Defense No. 5 is incorrect. Because motions to strike affirmative defenses are disfavored, the Court will not, on its own, look into other bases on which these defenses may be

stricken. Accordingly, the Court denies Plaintiff's Motion to Strike Defendants' Affirmative Defenses Nos. 14 and 15.

**Affirmative Defense No. 8**

Affirmative Defense No. 8: Defendant had probable cause for his actions.

In Plaintiff's motion, Plaintiff contends that Defendants' affirmative defense regarding probable cause is inapplicable because Plaintiff is only alleging that the officer used excessive force and not that the arrest was invalid. In their response, Defendants argue that whether an officer had probable cause is one of the many facts used to determine whether the force used by the police officer was appropriate given the circumstances. Further, Defendants argue that because Plaintiff cannot show that Defendants' use of probable cause as an affirmative defense would be prejudicial or unrelated to the controversy, the affirmative defense is valid.

The standard used to determine whether a police officer's use of force was excessive is an objective reasonableness analysis. *Kingsley v. Hendrickson*, 135 S. Ct. 2466, 2473 (2015) (quoting *Graham v. Connor*, 490 U.S. 386, 396 (1989). Even when an officer has probable cause for an arrest, the Fourth Amendment prohibits him from employing greater force than is reasonably necessary to make the arrest. *Abbot v. Sangamon Cty., Ill.*, 705 F.3d 706, 724 (7th Cir. 2013); *see also Carter v. Dixon*, 718 F. Supp. 1389 (N.D. Ill. 1989) (finding that the existence of probable cause does not excuse an excessive use of force when making an arrest).

Defendants argue that Plaintiff must show that Defendant's probable cause affirmative defense is either prejudicial or unrelated to the controversy alleged. Affirmative Defense No. 8 is unrelated to Plaintiff's claim. *See Carter*, 718 F. Supp. at 1389 (striking affirmative defenses of probable cause as inapplicable to the claim of excessive force). When an affirmative defense is not relevant to a plaintiff's claim to shield the defendant from liability, a Motion to Strike the defense

is a proper remedy. *Id.*; *see also Sayad v. Dura Pharm.*, 200 F.R.D. 419, 422 (N.D. Ill. 2001) (stating that, when an affirmative defense does not address the allegations in the complaint, it is inapplicable and a motion to strike is appropriate).

As mentioned in the discussion for Affirmative Defenses Nos. 5, 14, and 15, Plaintiff is not required to show prejudice for a motion to strike to be granted. Accordingly, because probable cause is not an appropriate defense to an excessive force claim and a showing of prejudice is not required to grant a motion to strike, the Court grants Plaintiff's request to strike this affirmative defense from Defendants' Answer.

**Affirmative Defense No. 13**

> Affirmative Defense No. 13: The alleged wrongful conduct does not rise to the level of a constitutional deprivation and Plaintiff has no federal cause of action.

Plaintiff argues that simply stating that the conduct does not rise to the level of constitutional deprivation is nothing more than a "bare bones" assertion that does not satisfy the requirements of Rule 8 of the Federal Rules of Civil Procedure. In response, Defendants contend that Affirmative Defense No. 13 is a "general denial," which is permitted as an affirmative defense.

Generally, an affirmative defense is a statement that, even if the allegations in the complaint are true, additional facts excuse the defendant from some or all liability. *E.E.O.C. v. SVT, LLC*, 2:13-CV-245, 2013 WL 6045972, at *2 (N.D. Ind. 2013). In contrast, a general denial allows a party to deny the allegations of a pleading in good faith. Fed. R. Civ. P. 8(b)(2). Under this reasoning, Defendants' argument that general denials qualify as affirmative defenses is counterintuitive. One requires the defendant accept all allegations as true, the other does not.

An affirmative defense that merely asserts a plaintiff cannot support his cause of action is not an affirmative defense. *McGrath v. Godshalk*, 2007 WL 2746865, at *12 (N.D. Ind. 2007) (citing *Resolution Trust Corp. v. KPMG Peat Marwick*, 845 F. Supp. 621, 625 (N.D. Ill. 1994)).

Affirmative Defense No. 13 does not provide a factual excuse for the Defendant's conduct, but rather asserts that Plaintiff cannot meet his burden to show that he was deprived of his constitutional rights. Accordingly, the Court strikes Affirmative Defense No. 13 from Defendants' Answer.

**Affirmative Defense No. 18**

> Affirmative Defense No. 18: To the extent any State law claims have been pled, the Defendant is entitled to all immunities afforded by the common law and the Indiana Tort Claims Act, I.C. §34-13-3-1, *et. seq.*, and the limitation, "caps" and protections afforded by the Indiana Tort Claims Act and the Common Law are asserted and applicable. Likewise, any state law claims pled are barred to the extent that Plaintiff has failed to comply with any notice requirements found within the Indiana Tort Claims Act.

In its Motion to Strike Affirmative Defenses, Plaintiff argues the notice requirements of Indiana Tort Claims Act, Ind. Code § 34-13-3-1, *et. seq.* were satisfied when notice was served on the City of Gary. In response, Defendants argue that the notice provisions in the Indiana Tort Claims Act have not been met because both the political subdivision and employee must receive proper notice. Further, Defendants contend that Officer Gilden did not receive proper notice under the Indiana Tort Claims Act because only the City of Gary was properly notified. In reply, Plaintiff contends that no state law claims have been alleged; therefore, the Indiana Tort Claims Act does not apply to the claim.

Arguments raised in a reply brief must be confined to those raised in an opening brief. *Lin v. Ashcroft*, 385 F.3d 748, 750 (7th Cir. 2004) (citing *Wilson v. O'Leary*, 895 F.2d 378, 384 (7th Cir. 1990) ("Arguments not raised in an opening brief are waived); *Boyer v. Canterbury School, Inc.*, 2005 WL 2370232 at *3 (N.D. Ind. 2005) (citing *Rockrohr v. Norfolk S. Corp.*, 797 F.Supp. 664, 665 (N.D. Ind. 1992)). The Seventh Circuit Court of Appeals disfavors arguments raised for

7

the first time in a reply brief because they unfairly deny the non-moving party the opportunity to respond. *Wilson*, 895 F.2d at 384. Plaintiff's new argument raised in its Reply is waived.

The only argument presented by Plaintiff in its opening brief was that the Notice requirements were met within the Indiana Tort Claims Act. Defendant's Affirmative Defense No. 18 includes several other arguments, including issues of immunity and damage caps, that were not addressed in Plaintiff's opening brief. Therefore, Plaintiff's Motion to Strike Affirmative Defense No. 18 is denied because striking this defense for the reason argued in Plaintiff's motion would be inappropriate.

**Affirmative Defense No. 21**

> <u>Affirmative Defense No. 21:</u> Defendant reserves the right to raise, modify or withdraw defenses as additional facts become known.

Plaintiff argues that the Federal Rules of Civil Procedure strictly prohibit reserving affirmative defenses. Defendants respond that reserving an affirmative defense is permitted by the Federal Rules of Civil Procedure, and requesting leave to amend under Federal Rule of Civil Procedure 15(a) "unnecessary formalism" and should be granted freely as justice so requires.

The Court agrees with Plaintiff's statement of the law. Under the Federal Rules of Civil Procedure, reserving the right to assert an affirmative defense is not an affirmative defense. *Do It Best Corp. v. Heinen Hardware, LLC*, 1:13-CV-69, 2013 WL 3421924 at *3 (reserving the right to add additional affirmative defenses is not a proper affirmative defense). If the Defendants seek to modify or add an affirmative defense, the proper mechanism is to request leave to amend under Federal Rule of Civil Procedure 15(a). *Id*. Accordingly, Affirmative Defense No. 21 is not a proper affirmative defense under the Federal Rules of Civil Procedure and is stricken from Defendants' Answer.

**Affirmative Defenses Nos. 9, 20, and 25**

In their Response to the instant motion, Defendants agreed to withdraw Affirmative Defenses 9, 20, and 25. Noting the agreement of the parties, the Court orders Affirmative Defenses 9, 20, and 25 withdrawn.

## CONCLUSION

Based on the foregoing, the Court hereby **GRANTS in part** and **DENIES in part** the Motion to Strike Affirmative Defenses [DE 38]. The Court **STRIKES** Affirmative Defenses 1, 2, 8, 13, and 21 from Defendant's Answer. The Court **ORDERS** Affirmative Defenses 9, 20, and 25 **WITHDRAWN**.

So ORDERED this 6th day of October, 2016.

                                         s/ Paul R. Cherry_____
                                         MAGISTRATE JUDGE PAUL R. CHERRY
                                         UNITED STATES DISTRICT COURT